SCANNED at
and Emailed
4/28/26 by ~~~ . 15 pages
date   initials   No.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BALTAS, et al.,
   Plaintif(s)

V.

Erfe, et al.,
   Defendant(s)

No. 3:19cv-01820(MPS)

April 20, 2026

## EMERGENCY MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

Pursuant to Fed.R.Civ.P. 65(b) and the Court's inhereint authority, the Pro Se Plaintiff Joe Baltas, hereby moves the Court to issue an Emergency Temporary Restraining Order ("TRO") immediately and without delay to maintain the status quo and prohibit Defendants from moving the Plaintiff, from his current location and/or to the punative/RHU area's that would result in a loss of electricity, and WiFi/communications and obstructions.

Plaintiff asserts a TRO is necessary to maintain the status quo to prevent the named Defendants from moving the Plaintiff to the unit area that would be harmful and deprive him of electricity; wifi/communication and inmate witnesses and isolate him.

For the reasons stated herein, on this record, and those liberally construed and interpreted by the Court, the Plaintiff moves the Court to issue an Emergency Ex Parte TRO until such time as a hearing can be held prohibiting Defendants, their agents or successors from placing the Plaintiff in the Punative/RHU area's to deprive him of witnesses, by their conduct and electricity and WiFi/electronic communications.

## I. LEGAL STANDARD

The submissions of a PRo Se litigant are to be liberally construed and interpreted as raisinf the strongest argument suggested therein. see Boykin v. Key Corp., 521 F.3d 202, 214 (2d Cir 2008); see also Erickson v. Pardus, 551 US 89, 94 (2007). If the Court can reasonably interpret a Pro Se submission as stating a cognizable claim on which the litigant could prevail, the Court should do so despite poor syntax or sentence structure, a failure to cite proper legal authority, confusion of legal theories or unfamiliarity with the requirements. see Haines v. Kerner, 404 US 510 (1972). Additionally, "implicit in the right to self representation is an obligation on the part of the Court to make reasonable allowances to protect pro se litigants from the inadvertant forefiture of important rights." Johnson v. Schmidt, 83 F.3d 34, 39 (2d Cir. 1996).

Under the Doctorine of <u>Ex Parte Young</u>, 209 US 123 (1908) a Plaintiff may seek prospective inunctive relief to address an ongoing or continuing violation of Federal Law or a threat of a violation of Federal Law in the future. see <u>In re Depositr Insurance Agency</u>, 482 F.3d 612, 618 (2d Cir. 2007). "A Court need only conduct a straight forward inquiry into whether the Complaint alleged an ongoing violation of federal law and seeks relief properly charecterized as prospective." <u>Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.</u>, 535 US 635, 645 (2002).

"The standards for granting a TRO and preliminary injunction are identical." see <u>Stonerway Capital Corp. v. Siemons Energy, Inc.</u>, 2020 WL 764457, *1 (S.D.NY 2020). "The function of a preliminary injunction is to preserve the status quo pending determination of the action on the merits." <u>Liton Sys., Inc. v. Sustained, Co.</u>, 750 F.2d 952, 956 (Fed. Cir. 1984).

"The purpose of a TRO is to maintain the status quo and prevent harm, so long as necessary to hold a hearing." <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 US 423, 439 (1974).

"The District Court may grant a TRO or preliminary injunction when a party establishes (a) irreparable harm and (b) either (1) a liklihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the moving party." <u>Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.</u>, 696 F.3d 206, 215 (2d Cir. 2012). "The burden of showing probable success is less where the balance of hardship weighs decidedly more heavily upon the party requesting relief." <u>Smoak v. Fritz</u>, 350 F.Supp. 609 (S.D.NY 1970).

"When the movant seeks a 'prohibiting injunction seeking only to maintain the status quo,' the burden of proof is less." see <u>Cacchillo v. Insmed, Inc.</u>, 638 F.3d 401, 406 (2d Cir. 2011).


## II. RELEVANT FACTS

The Plaintiff, in recent months, has consistently been subjected to repeated acts of retaliations and obstruction to his litigation of this and his other actions in this Court. These retaliation and obstructions have been coordinated and/or ordered and/or directly imposed by the Defendant, their counsel or Agents within the DOC

(see EXHIBIT 1 )

2

The retaliations and obstructions have been inclusive of, but not limited to: having staff remain present in legal visits to deny and obstruct private/privileged meetings; having him subjected to harassing, intrusive strip searches to motivate and intimidate him into refusing legal visits and calls; assaulting him; threatening him; subjecting him to excessive forces and restraints; obstructing his access to electronic communications; seizing Plaintiff's legal property inclusive of documents and his Typewriter; obstructing access to evidence.

Plaintiff has made numerous filings to the Court regarding these issues hereby incorporated by reference. See Bates v. Erfe, No. 3:19cv01820 (mps) [505, 506, 508, 516, 518], Counsel has verified many of these matters, Id at [508] and the Court responded issuing Notice to the Defendants and Doc that they should cease their conduct or provide a compelling reason, Id at [515].

In each instance of the Plaintiff or Counsel seeking remedy, the Defendants and their Doc Agents have responded with ever increasing retaliatory acts and obstructions. (Ex.)

Most recently Plaintiff filed an Emergency Motion for Order [    ] seeking cessation of these acts and return of his Typewriter to complete legal filings, wherein he

3

attached an Affidavit of the prisoner witness supporting and verifying these matters.

Now, within days of that submission Defendants Agents, Capt. Ricky Ortys, D/w Yanike Whittinghan and Warden Jesus Guederamms, have notified Plaintiff of their intent to alter his housing to move him to a RHU/Punative Seg Cell location to seperate him from the prisoner witness and ensure he not be able to secure witness statements in the future and locate him in an area with no power or wifi to justify denying him his Typewriter and denying access to electronic communications and obstruct his communications with Counsel in his Cases where he has Counsel. (Ex. ).

There is no legitamit reason for this prospective action, as their is no conduct or change in circumstance on Plaintiffs part. Indeed he has been housed in the exact same location since his return to Conn. in May 2023, and for years before his transfer to RI in Dec. 2023.

4

Such a move will effectively oppress the Plaintiff Complecely from prosecuting this and other cases, communicating with Counsel, and preparing and participating in Errals.

Additionally, the ongoing retaliation designed to intimidate Plaintiff into submission and silence will have a chilling effect on his prosecution of this Action.

The Plaintiff asserts that absent Court intervention the Defendants and their Agents retaliatory, obstructive, oppressive and abusive Conduct and tactics will continue and continue to increase violating his Rights, this process and ultimately resulting in obstruction of Justice, this process and a extreme threat to the security and safety of the Plaintiff and others. (Ex.). Defendants/Agents Plan to Move Plaintiffs location imminently within days.

5

LEGAL ARGUMENT

The submissions of a Pro Se litigant are to be liberally construed and interpreted as raising the strongest argument suggested therein. see Erickson v. Pardus, 551 US 89, 94 (2007). "A document filed Pro Se is to be liberaly contrued." Boykin v. Key Corp., 521 F.3d 202, 214 (2d Cir. 2008). "If the Court can reasonably interpret a Pro Se submission to state a cognizable claim on which the litigant could prevail, the Court should do so, despite poor sentence structure or syntax, failure to cite proper legal authority, confusion of legal theories, or a litigants unfamiliarity with requirements." see Haines v. Kerner, 404 US 510 (1972).

Additionally, "[i]mplicit in the Right to self representation is an obligation on the part of the Court to make reasonable allowances to protect Pro Se litigants from inadvertent forefiture of important rights..." see Johnson v. Schmidt, 83 F.3d 37, 39 (2d Cir. 1996).

"Prisoners have a fundamental Constitutional Right to adequate, effective and meanignful access to Courts to attack sentences and violations of Constitutional Rights." Bounds v. Smith, 430 US 817, 824-828 (1977). "States are required to shoulder affirmative obligation to assure all prisoners meanigful access to Courts." Id. The Constitution requires that prisoners be provided "the tools that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge conditions of confinement." Lewis v. Casey, 518 US 343, 355 (1977) The Right to fair and unhindered access to Courts is founded on the due process clause and is a fundamental and "basic Constitutional Right." see Wolff v. McDonnell, 418 US 574, 579 (1974). That Right "must be freely exercisable without hinderance or fear of retaliation." see Crawford-El v. Britton, 523 US 574, 588 (1998).

"It is the role of the Courts to provide relief to an indvidual claimant, who has suffered or will imminetly suffer actual harm. It is for the Court to remedy past, ongoing and imminent official interference with individual inmates presentation of claims to the court." see Lewis, 518 US at 349-350.

The Defendants, personally and through their Agents within the Doc and in concert with their Counsel have consistently engaged in an ever increasing campaign of retaliation and obstruction. They disregard the Plaintiffs Rights as well as the Courts Notices and instructions, Etc [sis].

These Parties acting collaboratively are effectively disrupting this litigation and Plaintiffs other actions, obstructing justice and these processes.

They are now attempting to continue their retaliation and obstruction by moving Plaintiff to an area he will be isolated and without witnesses to any further misconduct they wish to engage in, in direct retaliation for submitting a witness affidavit on this record. They also seek to place him in an area with no phone or wifi to further obstruct his prospective ability to communicate.

Finally, they are attempting to instigate him into having a psychotic episode and harming people

7

in order to justify their objection to his physical presence in this Courts proceedings. Indeed it are then very same tactics that have repeatedly resulted in all the other alleged violent incidents involving this Plaintiff.

## CONCLUSION

For the reasons stated herein and on this record, the Court should issue a TRO to maintain the status quo and prohibit Defendants from altering Plaintiffs Current housing, and hold a hearing requiring demonstrate of a compelling Government Interest.

4/20/cc
Date

Respectfully Submitted
The Plaintiff,

/s/

Joe Baltas, Pro Se
Walker CI
1153 East St South
Suffield, CT 06080

8

## CERTIFICATION

I hereby certify that on this date, 4/20/16 , a copy of the foregoing was

filed electronically and will be served by mail on anyone unable to accept electronic filing.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system or by mail to anyone unable to accept electronic filing. Parties may access

this filing through the Court's system. In addition, the undersigned shall mail a copy to

By the Plaintiff

/s/

Joe Baltas

EXHIBIT

## SWORN AFFIDAVIT

I, _Joe Baltas_, do hereby swear under the penalty of perjury that all information contained herein is true and correct and factual based upon my knowledge and belief. I state:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. Over the last several months I have been subjected to an ever increasing pattern of retaliation and obstructions imposed upon me by the Defendents, their Agencies in the Doc and their Counsel, in direct response to these litigations against Doc officials. I have detailed those matters in other filings as indicated in this Motion.

3. I recently filed motions for Order and attached an inmate witnesses Affidavit.

4. Following that filing Defendants Agencies of the Doc officers Capt. Ricky Ortega, Deputy Warda Jontha Whittington expressly stated to me that they planned to move me the Punitive Seg/RHU area to seperate me from any potential witnesses and silence me and to ensure I have no power or WiFi to ensure I can not have electronic communications

5. They plan to effectuate this move within days.

6. I have been housed in the same cell/location for a year since my return to Conn. in May 2025 and for several years prior to my transfer to RI in Dec. 2023.

7. There is no legitimate penological purpose for these acts, they are designed solely to retaliate against me and force me to silence and cease seeking Judicial Redress.

8. Additionally, DOC personnel have informed me that they also intend to provoke a violent response from me to cause a disruption to my physical presence in this Court and these proceedings.

9. Absent Court intervention these conducts and issues will continue creating obstructions to this process and threats to personal safety & security.

2

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed on ⁴/²⁰/²⁶

_____
Joe Baica

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE BALTAS                                    :          No. 3: 19cvo1820(MPS)
                                              :
V.                                            :
                                              :
Erfe                                          :
                                              :

## PROPOSED ORDER TO SHOW CAUSE

Upon the Plaintiff's Motion for Order and the Exhibits attached thereunto, it is ORDERED that the Defendants/Agents show cause before this Court, at Room _____, U.S. District Court, 141 Church Street, New Haven, Connecticut, 06105, on _____, 20 26, at _____o'clock AM/PM, or as soon thereafter as Counsel may be heard, why an Order should not be issued pursuant to the Court's Inherent Powers and the Federal Rules of Civil Procedure, Commanding the Defendants, their Counsel and Agents (DOC)ᵀ to Cease all Retaliatory and Obstructive Conducts, and to Not alter the Plaintiff's Current housing,

and it is further ORDERED that a copy of this Order, together with the papers upon which it was granted, be personally served upon the Defendants/Agents with Counsel on or before _____, 20___, by_____o'clock and that such service be deemed good and sufficient.

Dated: New Haven, Connecticut

_____, 20 26

_____
United States District Judge

## CERTIFICATION

I hereby certify that on this date, 4/20/16 , a copy of the foregoing was

filed electronically and will be served by mail on anyone unable to accept electronic filing.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system or by mail to anyone unable to accept electronic filing. Parties may access

this filing through the Court's system. In addition, the undersigned shall mail a copy to

By the Plaintiff

/s/

Joe Baltas