**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOE BALTAS, | |
| Plaintiff, | No. 3:19-cv-01820 (MPS) |
| v. | |
| ANGEL QUIROS, SCOTT SEMPLE, MONICA RINALDI, WILLIAM MULLIGAN, CHARLES KURMAY, *as Administrator of the Estate of Gregorio Robles, Jr.*, | |
| Defendants. | |

JURY INSTRUCTIONS

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................ 3

PART I:  GENERAL INSTRUCTIONS ........................................................................... 4
    A.  ROLE OF THE COURT............................................................................... 4
    B.  INSTRUCTIONS TO BE CONSIDERED AS A WHOLE ........................... 4
    C.  BOTH SIDES ENTITLED TO FULL AND FAIR HEARING ...................... 5
    D.  OBJECTIONS AND RULINGS.................................................................... 6
    E.  DUTIES OF THE JURY .............................................................................. 7
    F.  "PROVE," "FIND," AND "ESTABLISH" .................................................. 8
    G.  BURDEN OF PROOF:  PREPONDERANCE OF THE EVIDENCE............... 9
    H.  FORMS OF EVIDENCE........................................................................... 10
    I.  WHAT IS NOT EVIDENCE..................................................................... 11
    J.  DIRECT & CIRCUMSTANTIAL EVIDENCE......................................... 12
    K.  INFERENCE DEFINED ........................................................................... 13
    L.  OUTSIDE INFORMATION …………………………………………………. 13
    M.  WITNESS CREDIBILITY - GENERAL .................................................. 14
    N.  TESTIMONY OF A CORRECTIONAL OFFICER ................................... 15
    O.  TESTIMONY OF AN INMATE …………....……......……………….….….. 15
    P.  OPINION TESTIMONY ……………………………………….……………… 16
    Q.  IMPEACHMENT OF WITNESSES ......................................................... 17
    R.  UNCONTRADICTED TESTIMONY........................................................ 17

PART II: THE ISSUE AND CLAIM IN THIS CASE..................................................... 17

PART III:  DAMAGES ................................................................................................. 24
    A.  GENERAL INSTRUCTIONS ON DAMAGES ........................................ 24
    B.  COMPENSATORY DAMAGES ............................................................... 25
    C.  NOMINAL DAMAGES............................................................................ 27
    D.  PUNITIVE DAMAGES ............................................................................ 28

PART IV: FINAL INSTRUCTIONS ............................................................................. 30
    A.  NOTE TAKING....................................................................................... 30
    B.  UNANIMOUS VERDICT......................................................................... 30
    C.  CELL PHONE AND TABLETS………………………………....…………….. 31
    D.  FOREPERSON ......................................................................................... 31
    E.  VERDICT FORM..................................................................................... 31
    F.  FINAL INSTRUCTIONS ......................................................................... 32

## **INTRODUCTION**

Members of the jury, you have now heard all of the evidence in this case.  I shall now instruct you concerning the law applicable to the case.  After that, you will hear the arguments of counsel and then I will give you some final instructions.  You will then return to the jury room to deliberate in accordance with these instructions.  Before I give you these instructions, however, I want to express my thanks to you for the time and energy you have devoted to this trial.  Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully and pay close attention.  You have been provided with a copy of my instructions so that you can read along as we go.

My instructions will be in two parts: first, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific elements that you must find based on the evidence at trial.

Before we begin, I ask you to look over the other document that was placed on your seats—namely, the Verdict Form, with regard to the claims in this case.  After I have given these instructions, you will go back into the jury room to deliberate. You will have with you the following: the original Verdict Form (all of your individual copies will be collected before you deliberate), the original exhibits, your individual copies of these instructions and any personal notes that you may have taken.  At the conclusion of your deliberations, you will use the Verdict Form to report your verdict to the Court and the parties.

## PART I:  GENERAL INSTRUCTIONS

### A.    ROLE OF THE COURT

As judge, I perform basically two functions during the trial.  First, I decide what evidence you may consider.  You have heard me doing that throughout the trial.  Second, I instruct you on the law that you are to apply to the facts in this case.  I gave you some preliminary instructions before trial began, but it is now – at the close of evidence – that the final instructions governing your deliberations are given, so please be patient and listen closely.  I believe that everything I am going to tell you is consistent with the preliminary instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different I may have said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

It is your duty to take the law as I will give it to you and to apply it to the facts as you determine them.  You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  Also, you must not substitute your own notions or opinions of what the law is or ought to be for what I tell you the law is in my instructions.

### B.    INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

I may repeat certain parts of these instructions.  That does not mean that those parts should be emphasized.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done, as any suggestion from me about what verdict you should return—that is a matter for you alone to decide.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

## C.   BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims, both parties in this case are entitled to a full and fair hearing. The parties are entitled to a trial free from prejudice or bias. Our justice system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right. In deciding the facts or applying the law as I have given it to you, you must not be swayed by bias or prejudice for or against any party. All persons stand equal before the law and are to be dealt with as equals in a court of justice, regardless of who they are.

You must not be swayed by your personal opinions about any of the issues raised in this trial. You should not be swayed by sympathy. You should be guided solely by the evidence presented during trial and the law that I give you, without regard to the consequences of your verdict. If you let your sympathy for one side or another interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

It would be improper for you to consider, in reaching your decision as to whether the plaintiff sustained his burden of proof, any personal feelings you may have about the race,

religion, national origin, sex, or age of Mr. Baltas, the defendants, or of any other person that is involved with this case. You should be alert to the possibility of any implicit or subconscious bias that may affect your evaluation of this case and take care to ensure that your verdict is based on careful, objective consideration of the evidence, rather than gut instinct or snap judgments. Both parties stand equal before the law and are to be dealt with as equals in a court of justice.

**D.     OBJECTIONS AND RULINGS**

Our courts operate under an adversary system in which we believe that the truth will emerge through the competing presentations of adverse parties.  It is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admission of evidence or the phrasing of a question, or asked the Court to rule on an objection or the propriety of a question.  The application of the rules of evidence is not always clear, and lawyers often disagree about them.  It has been my job as the judge to resolve these disputes during the course of the trial.

It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.  You are not to concern yourself with why a lawyer made an objection or why I ruled on it in the manner that I did.  You should draw no inference from the fact that a lawyer objected to evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  My rulings on objections have nothing to do with the merits of the case or with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If I have stricken or told you to disregard an answer, you must not rely on that answer, because it is not evidence. If I have given you a limiting instruction that certain evidence was to be considered by you for a limited purpose only, then you must follow that limiting instruction and use the evidence only for the limited purpose for which it was admitted.

For example, I instructed you during the trial and instruct you now again that you may consider the fact that Mr. Baltas and certain other witnesses were convicted of felonies only for the limited purpose of evaluating what impact, if any, their convictions have on their credibility as witnesses. You may not consider that evidence for any other purpose.

One further note about attorneys: During the course of a trial, one cannot help but recognize the various personalities and styles of the attorneys. But it is important for you as jurors to recognize that this is not a contest between attorneys. Whatever you may think about the conduct of the lawyers during this trial, you must decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their closing arguments to be helpful, take advantage of them, but it is your memory and your evaluation of the evidence and my instructions on the law that count in this case.

## E.    DUTIES OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of witnesses. You resolve any conflicts that may exist in the testimony. You draw whatever reasonable inferences you decide should be

drawn from the facts you determine, and you weigh the evidence. No one may invade your province or function as jurors. Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of a view of what your decision should be or which party should prevail in this case.

In order for you to determine the facts, you must rely upon your own recollection of the evidence. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you.

The verdict you reach must be unanimous; that is, agreed upon by each of you. Each of you must decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

F.    "PROVE," "FIND," AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the plaintiff must do in order to establish the liability of the defendants. My use of the word "prove" means "prove by the preponderance of the evidence," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the preponderance of the evidence, even if I simply use the word "find." Likewise, I will speak of the parties "establishing" various facts. Even if I simply use the word "establish," you must find that fact has been established by the preponderance of the evidence.

**G.     BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Because this is a civil case, the plaintiff has the burden of proving every disputed element of his claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, the plaintiff must prove that the fact is more likely true than not true.  In other words, if you find that the credible evidence on a given issue either favors the defendants or is evenly divided between the plaintiff and the defendants, then you must decide that issue for the defendants.  However, if the plaintiff proves that a fact is more likely true than not, even if only slightly more true than not, then you are to find that he has proven the fact by a preponderance of the evidence.

It might be helpful to visualize a pair of balanced scales.  Imagine that you put on one scale the evidence you find credible, relevant and supportive of the plaintiff on a particular issue on which he bears the burden of proof, and place on the other scale the evidence you find credible, relevant and supportive of the defendants.  If the scales tip in favor of the defendants on that issue, even a little bit, or if the scales are evenly balanced, the plaintiff has not sustained his burden of proof on the issue.  But if the scales tip in favor of the plaintiff on that issue, even a little bit, then on that issue he will have sustained his burden of proof.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them.  A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

## H.    FORMS OF EVIDENCE

Next, I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record. All of the exhibits that have been admitted into evidence will be with you in the jury room. If an exhibit has been admitted into evidence, it is evidence that can be considered by you regardless of whether any witness referred to the exhibit or testified about it during the trial.

Third, there are facts to which the parties have agreed, or stipulated, and any facts that I have instructed you to accept as true.

One word about the exhibits that you will have in the jury room. You may notice that certain exhibit numbers have not been used. For example, you may find exhibit number 5 and number 7 but not find number 6. Please do not be concerned about the numerical sequencing of exhibits and do not think that an exhibit is missing. The reason for what would otherwise seem like gaps is that we assigned all of the potential trial exhibits numbers long before trial, and then before or during trial, counsel decided not to introduce certain exhibits or certain exhibits were simply marked for identification purposes and then not made full exhibits. We've checked the

exhibits and made sure that you will have all of the exhibits that you should have, so once again do not pay any attention to the numbering or sequencing of the exhibits.

## I.        WHAT IS NOT EVIDENCE

It is the witnesses' answers, and not the lawyers' questions, that are evidence. Of course, you need to take into account the question to understand the answer, but only the answer is evidence. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because the assumed fact was contained in the lawyer's question. Testimony that I have ordered stricken, testimony that I have instructed you to disregard, and testimony that I have excluded are not evidence and may not be considered by you in rendering your verdict.

What the lawyers say in their opening statements and closing arguments, in their comments, objections and even in their questions is not evidence. What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence, and my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.

It is for you—and you alone—to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

**J.    DIRECT & CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence includes a witness' testimony about something the witness knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard.  For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Also assume that as you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had been raining.

That is all there is to circumstantial evidence.  On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence but simply requires that your verdict be based on a preponderance of all of the evidence presented.

### K.    INFERENCE DEFINED

During the trial you may have heard the attorneys use the term "inference," and in their arguments, they may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proven by direct or circumstantial evidence.  One party may ask you to draw one set of inferences, while the other party asks you to draw another.  It is for you, and you alone, to decide which inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  The mere process of drawing an inference from the evidence does not change the burden of proof, which remains with the plaintiff throughout the case.  Finally, you may not draw any inferences from the mere fact that the plaintiff filed this lawsuit or that the defendants have chosen to defend it.

### L.    OUTSIDE INFORMATION

I have previously instructed you to avoid reading or listening to any news coverage or conducting any internet research about this case. If any media reports or internet accounts have come to your attention, you must lay them aside and completely disregard them. Similarly, if anyone has spoken to you about this case, you must ignore their comments. Anything you have read or heard about the case, the parties, or the attorneys outside this courtroom is not evidence

in this case. Indeed, it would be unfair to consider such information because it is not evidence and the parties have no opportunity to contradict its accuracy or otherwise explain it. It would be a violation of your oath as jurors to allow anything you may have read or heard outside of this courtroom to influence your judgment in arriving at a true verdict in this case. Your verdict must be based solely on the evidence presented in court, and in accordance with these instructions.

**M.      WITNESS CREDIBILITY - GENERAL**

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine truthfulness?  You base it on what you have seen and heard.  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Was he or she frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner, and appearance while testifying?  Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified; the accuracy of the witness' memory; the witness' candor or lack of

candor and intelligence; the reasonableness and probability of the witness' testimony; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing any witness' testimony you should use your common sense, your good judgment, and your own life experience.

## N.    TESTIMONY OF A CORRECTIONAL OFFICER

The testimony of a correctional officer or governmental employee is entitled to no special or exclusive sanctity. An officer or governmental employee who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of correctional officers or other employees of the Department of Correction, you should not believe or disbelieve them merely because they are employed as correctional officers or other such employees. You should recall their demeanor on the stand, their manner of testifying, and the substance of their testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including correctional officers, do not stand in any higher or lower station in the community than other persons, and their testimony is not entitled to any greater or lesser weight.

## O.    TESTIMONY OF AN INMATE

An inmate who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of an inmate, you should not believe or disbelieve them merely because they are incarcerated. You should treat their testimony just as you would treat the testimony of any other witness. That means you should recall their demeanor on the stand, their manner of testifying, and the substance of their testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness.

**P.    OPINION TESTIMONY**

We have had in this case the testimony of expert witnesses. Expert witnesses are people who, because of their training, education, and experience, have knowledge beyond that of the ordinary person. Because of that expertise in whatever field they happen to be in, expert witnesses are allowed to give their opinions. Ordinarily, a witness cannot give an opinion about anything but rather is limited to testimony as to the facts in that witness's personal knowledge. The experts in this case have given opinions. However, the fact that these witnesses may qualify as experts does not mean that you have to accept their opinions. You can accept or reject their opinions.

In making your decision whether to believe an expert's opinion, you should consider the expert's education, training and experience in the particular field; the information available to the expert, including the facts the expert had and the documents available to the expert; the expert's opportunity and ability to examine those things; the expert's ability to recollect the activity and facts that form the basis for the opinion; and the expert's ability to tell you accurately about the facts, activity and the basis for the opinion. You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence.

Based on all of those things, together with your general observation and assessment of the witness, it is then up to you to decide whether or not to accept the opinion. You may believe all, some or none of the testimony of an expert witness. In other words, an expert's testimony is subject to your review like that of any other witness.

## Q.    IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, by evidence that the witness has been convicted of a felony, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

## R.    UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.  You may decide, because of the witness's manner and demeanor or because of the improbability of his or her testimony or for other reasons, that the witness's testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## PART II: THE ISSUES AND CLAIMS IN THIS CASE

## A.    ELEMENTS OF A SECTION 1983 CLAIM

The plaintiff in this case is Joe Baltas. The defendants are Angel Quiros, Scott Semple, Monica Rinaldi, William Mulligan, and Charles Kurmay, as Administrator of the Estate of Gregorio Robles, Jr. Although there are five defendants in this case, it does not follow that if one

is liable, the others are liable as well. The claims against these defendants are separate, and each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendants. Although I may refer to "defendants," you must consider each defendant individually.

I will now explain the law applicable to Mr. Baltas's claims. Mr. Baltas's claims arise under Title 42 United States Code, Section 1983. This law permits a person to seek money damages against anyone who—under the apparent authority of state law—deprives that person of rights protected by the Constitution or laws of the United States. Specifically, § 1983 states:

> Every person who, under color of any statute . . . of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

Section 1983 by itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff to enforce rights guaranteed to him by the United States Constitution. Before I explain the specific right that the plaintiff alleges was violated, I will first provide a general overview of what is required to prevail on a claim under Section 1983.

In order to prevail on a claim against the defendants under Section 1983, the plaintiff must prove three elements:

(1) that the defendants acted under color of state law;

(2) that the defendants' acts operated to deprive the plaintiff of rights protected by the Constitution; and

(3) that such deprivation proximately caused injury to the plaintiff.

In addition, the plaintiff must prove that each defendant was "personally involved" in the deprivation of the plaintiff's rights. A defendant is not personally involved by virtue of simply being in a supervisory role over those who violate constitutional rights, even if the defendant is

negligent in supervising them. Instead, Mr. Baltas must establish that each defendant, through his or her own individual actions or omissions, has violated the Constitution. It is not enough to show that a defendant was aware of a constitutional violation. Mr. Baltas must establish that each defendant violated the Eighth Amendment by his or her own conduct, not by reason of his or her supervision of others who committed the violation.

### B.    FIRST ELEMENT: COLOR OF STATE LAW

With respect to the first element, the parties agree that the defendants were acting under color of Connecticut law during the events involved in this trial. So, I instruct you to find that the plaintiff has proved this first element.

### C.    SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT

I will now describe the constitutional right that the plaintiff alleges was violated as well as the law you must apply to determine whether the defendants in fact violated this right. Following that explanation, I will describe the law you must apply with respect to the third element of the Section 1983 claim: that any constitutional deprivation was the proximate cause of the plaintiff's injuries.

The constitutional right at issue here is the right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution. Although the Eighth Amendment does not require comfortable prisons, it does impose a duty on prison officials to provide prisoners with humane conditions of confinement. This means that prison officials must not deprive prisoners of their basic human needs, such as food, clothing, shelter, medical care, and reasonable safety. Further, prison officials may not inflict unnecessary and wanton mental or physical pain on prisoners, nor may they expose prisoners to conditions

that pose a substantial risk of harm or an unreasonable risk of serious damage to their future health.

The plaintiff, Joe Baltas, alleges that the defendants failed to provide him with humane conditions of confinement, in violation of the Eighth Amendment. Specifically, Mr. Baltas alleges that:

1.  Defendants Semple, Rinaldi, Mulligan, Robles, and Quiros deprived him of nutritionally adequate food (please note that this is the only allegation that applies to Mr. Quiros);

2.  Defendants Semple, Rinaldi, Mulligan, and Robles deprived him of stimuli by refusing to provide him with adequate recreation time; and

3.  Defendants Semple, Rinaldi, Mulligan, and Robles deprived him of sensory input by refusing to clean mud that was covering his cell window.

To establish that the defendants violated his Eighth Amendment rights with respect to these alleged conditions of confinement, the plaintiff must satisfy two elements: an objective element and a subjective element.

a.      Objective Element – Sufficiently Serious Harm

The objective element tests whether the alleged conditions are objectively serious enough to violate the Eighth Amendment. To satisfy this element, Mr. Baltas must establish by a preponderance of the evidence that these conditions, individually or in combination, resulted in a sufficiently serious deprivation, such as the denial of a life necessity or a substantial risk of serious harm. A substantial risk of serious harm can include the risk of serious psychological harm. In determining whether the alleged conditions were sufficiently serious, you should be guided by contemporary standards of decency. You should note that prison conditions that are restrictive and even harsh are not necessarily cruel and unusual punishment. The Eighth

-20-

Amendment does not require that sentenced prisoners be provided with every amenity that one might find desirable. The ordinary incidents of prison life are part of the penalty that criminal offenders pay for their offenses against society.

You have heard evidence about the nature of the conditions of Mr. Baltas' confinement during the relevant time period. What you must decide, then, is whether Mr. Baltas has established that these conditions, alone or in combination, deprived him of the minimal civilized measure of life's necessities or substantially risked serious mental or physical harm. In making this decision, you may consider the duration of his exposure to these conditions.

b.    Subjective Component – Deliberate Indifference

The subjective component is satisfied if the plaintiff establishes that the defendant exhibited deliberate indifference to the inadequate provision of one or more basic human needs or to a substantial risk of serious harm. Deliberate indifference occurs when a prison official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have also drawn the inference.  It is not enough to establish a constitutional violation to prove that a defendant was negligent or that he or she failed to alleviate a significant risk that he should have perceived but did not. But the plaintiff need not prove that a defendant acted with the very purpose of causing harm.

You may find that a defendant was deliberately indifferent if he or she acted with a state of mind associated with "the unnecessary and wanton infliction of pain." A defendant acts with this state of mind when his or her actions are without any penological justification. You may also find that a defendant was deliberately indifferent based on circumstantial evidence of the defendant's state of mind. You may infer, but are not required to infer, that the defendant was

actually aware of a substantial risk from the fact that the risk was obvious or otherwise must have been known to the defendant.  If you find that the defendant was exposed to information concerning the risk of substantial harm, and that he or she must have known that the risk existed, you may find that the defendant actually knew of the risk.  The defendant is not liable if he was actually unaware of any risk of substantial harm or of any inhumane conditions, or if he or she was aware but responded reasonably to the risk or inhumane conditions, even if the harm ultimately was not averted or the inhumane conditions not corrected. I also caution you that any failure by the defendants to comply with internal Department of Correction policies does not itself constitute an Eighth Amendment violation. You may nonetheless consider any such evidence, along with all other evidence, in deciding whether the plaintiff has met his burden of proof.

In order to prove that a defendant acted with deliberate indifference, Mr. Baltas must establish that he or she acted intentionally or recklessly. If you find that a defendant's acts were merely negligent then, even if you find Mr. Baltas was deprived of a basic human need as a result of those acts, the defendant is not liable. An act or failure to act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. An act or failure to act is reckless if done in conscious disregard of its substantial risk of serious harm. In contrast, an act or failure to act is negligent if the defendant or defendants failed to exercise reasonable care. In determining whether a defendant acted with the requisite knowledge or with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you

have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

In sum, if you find that Mr. Baltas has proved by a preponderance of the evidence both the objective and subjective elements of an Eighth Amendment claim as to a particular defendant, you must find that Mr. Baltas has prevailed as to that defendant. If you find that Mr. Baltas has failed to prove either the objective or the subjective element of his Eighth Amendment claim against a particular defendant, then you must find in favor of that defendant.

## D.    THIRD ELEMENT: PROXIMATE CAUSATION

In order to recover monetary damages for an injury, the plaintiff must establish by a preponderance of the evidence that such injury, or that any exacerbation of a preexisting injury, would not have occurred without the unconstitutional conduct.  Specifically, Mr. Baltas must prove that the conduct attributable to the defendants proximately caused his injuries or exacerbated preexisting injuries.  The defendants are not liable if Mr. Baltas's claimed injuries were caused entirely by a different or independent source that pre-existed or was totally unrelated to the actions that may be attributed to the defendants and that produced a result not reasonably foreseeable by the defendants.

"Proximate cause" does not mean "**ap**proximate cause."  Rather, the term proximate cause is a legal term that means that there must be a sufficient causal connection between the act of a defendant and any injury or damage sustained by a plaintiff.  An act is a proximate cause if reasonable persons would regard it as being a cause of the injury because it was a substantial factor in bringing about the injury, and the injury or damage was a reasonably foreseeable consequence of the defendant's act.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

**PART III:  DAMAGES**

It is exclusively your function to decide upon liability.  I am instructing you on the law of damages so that, if you decide that the plaintiff is entitled to recover against a defendant, you will have guidance as to how you should proceed to determine damages.

**A.       GENERAL INSTRUCTIONS ON DAMAGES**

If the plaintiff fails to prove the elements of his claims against the defendants, then the defendants have prevailed on the issue of liability, and you should not consider the issue of damages.  Only if the plaintiff has proven, by a preponderance of the evidence, that a defendant is liable should you address the issue of damages.

Before I instruct you on the issue of damages, a few words of caution are in order.  The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations.  Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that the plaintiff has established his claim.

In respect to the damages claimed, as in respect to every other matter before you, you can award only such damages as are justified by the proof and the law.  The burden is on the plaintiff to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses he suffered as a result of the acts of the defendants.  It is not the defendants' burden to disprove the claimed losses.

Our law permits counsel for any party to argue to the jury his or her view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence but only argument. The determination of the amount to be awarded, if any, is solely your function and in your deliberations you may accept or disregard counsel's argument on the amount of damages.

**B.    COMPENSATORY DAMAGES**

The purpose of compensatory damages is to compensate the plaintiff for the damages inflicted on him by any violations of the law that he has proven. Compensatory damages are limited to restoring a plaintiff, as far as money can, to the position he would have been in had the harm not occurred. They are not awarded to punish a defendant for his unlawful actions.

The law places the burden on the plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision, and you are permitted to determine the amount of damages by estimation or approximation, as long as the plaintiff provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense.

In this case, there is only one type of compensatory damages that is sought, non-economic damages. Non-economic damages are compensation for all non-pecuniary losses, including physical, mental, and emotional pain and suffering, humiliation, injury to reputation, embarrassment, fear, anxiety, and/or anguish. These types of damages are not susceptible to any precise or mathematical computation. It is for you to determine what is fair and reasonable. However, you may award the plaintiff compensatory damages for mental and emotional injuries resulting from the defendants' unconstitutional conduct only if you also find that the plaintiff has

suffered a physical injury as a result of that conduct. If you find that the plaintiff has not suffered any physical injury from the defendants' conduct or has suffered only a *de minimis* physical injury—that is, an injury so minor as to warrant being disregarded—you may not award any amount of damages for the plaintiff's mental or emotional injuries, and your award of compensatory damages should be zero. There is no strict definition of what physical injuries are *de minimis*; however, a physical injury is generally not considered *de minimis* if it lasts for any significant period of time, has any lasting effects, or requires medical attention.

Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained.

The law is that the defendants take the plaintiff as they find him. If you find one or more defendants to be liable, then the plaintiff is entitled to recover full compensation for (1) all damage that was proximately caused by the defendants' conduct, even if you find that one or more of the plaintiff's injuries may have been more serious or severe due to a preexisting physical or mental condition, and (2) all pain and suffering that was proximately caused by the defendants' conduct, even if it was worse than it would have been without the plaintiff's preexisting physical or mental condition.

If you find that a particular defendant is responsible for a particular injury, you must impose damages for that injury only upon that defendant. Nevertheless, you might find that more than one defendant is liable for a particular injury. If so, when filling out the verdict form, you should assign the full amount of damages associated with that injury to each defendant you find to have proximately caused the injury. For example, if you find that Mr. Baltas suffered total

damages in the amount of $X, and find that two defendants were each responsible for all of these damages, then you would write on the verdict form $X in the space next to each such defendant's name and in the space next to total damages. You may not award damages twice for the same injury. In another example, if you find that each of three defendants was responsible for a different injury and that each such injury resulted in an equal amount of damages, you might conclude that the amount next to each defendant on the verdict form should be $1/3X and the total should be $X. These are just two illustrations to help you understand the law of damages and the verdict form; they are in no way intended to suggest what your verdict should be or to limit you to any particular formula for calculating damages if you find that any defendants are liable and that the plaintiff proved damages. Your decision on these matters, like your decision on liability, should be based on all the evidence.

## C.      NOMINAL DAMAGES

If you find that the defendants violated the plaintiff's constitutional rights, but find that the plaintiff has failed to prove any actual damages, then you must return an award of damages on that claim in a nominal amount not to exceed $10.00.

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a proximate result of that deprivation. The mere fact that a defendant violated a plaintiff's constitutional right is itself an injury, even if no actual damages flow from the violation. Therefore, if you find that a plaintiff sustained no injury as a result of a defendant's conduct other than a constitutional deprivation, you must award nominal damages.

**D.    PUNITIVE DAMAGES**

In addition to either compensatory or nominal damages, you may, but need not, assess punitive damages against any defendant if you found that defendant liable.

An award of punitive damages is discretionary.  In making the decision whether to award punitive damages against a defendant, you should consider the underlying purposes of punitive damages.  These purposes are to punish the defendant for his or her conduct and to set an example in order to deter other similarly situated persons from committing similar acts in the future. Punitive damages are intended to protect the community and to express the jury's indignation at the misconduct.

You may award punitive damages against a defendant if you find that he or she engaged in any of the following conduct:

a.    Malicious or oppressive violation of the plaintiff's constitutional rights; <u>or</u>

b.    Reckless disregard or callous indifference as to whether the defendant was violating the plaintiff's constitutional rights.

An act is malicious if it is prompted by or accompanied by ill will, spite, or other improper motive.  An act is oppressive if it is done in such a way as to injure or otherwise violate the rights of another with unnecessary harshness or severity.  An act is reckless when it is done in such a manner and under such circumstances as to show an utter disregard for the rights of others.

In deciding whether to award punitive damages, consider whether punitive damages are necessary to punish the wrongful conduct or deter the defendants or others from engaging in such conduct in the future. In fixing the amount of punitive damages, you may consider all of the

evidence, including the behavior of the defendants at trial and whether the defendants show genuine repentance for any misconduct.

For each defendant you find liable in this case, you must make a separate determination whether punitive damages should be awarded, and, if so, in what amount. If you award punitive damages against a defendant, you should indicate on the Verdict Form the amount of punitive damages to be awarded against that defendant, bearing in mind that the law requires that punitive damages, if awarded, be fixed with calm discretion and sound reason. The amount must not reflect bias, prejudice, or sympathy toward any party, but is to be an amount you believe necessary to fulfill the purposes of punitive damages, as I have described them.

## PART IV: FINAL INSTRUCTIONS

You have now heard my instructions on the law and the parties' closing arguments.  I remind you that the parties' arguments are not evidence. I will now give you some final instructions before you begin your deliberations.

### A.    NOTE TAKING

You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence.  If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.  Your notes are not evidence and should not be shared.

### B.    UNANIMOUS VERDICT

Your verdict must be unanimous and represent the considered judgment of each juror.  Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors.  It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror.  Until the verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so.  However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not a partisan.  Rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

**C.      CELL PHONES AND TABLETS**

Before you begin your deliberations, you will be required to give your cellphones, tablets, and any other forms of electronic communications to the Courtroom Deputy. The Courtroom Deputy will ensure that these items are stored in a safe place and will return them to you after you finish your deliberations for the day.

**D.      FOREPERSON**

When you return to the jury room, you should first elect one person to act as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the Court. He or she will send out any notes, and when the jury has reached its verdict, he or she will notify the marshal that the jury has reached its verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the marshal, who will escort you. No deliberations may take place without all jurors being present. Further, if at any time a juror is in the bathroom facilities, the other jurors must cease deliberations and not resume deliberations until all jurors are present.

Finally, you are prohibited from conducting any outside research on the case.

**E.      VERDICT FORM**

A Verdict Form has been prepared for your convenience. Focusing on the questions set forth in the Verdict Form will assist you in your deliberations. I want to caution you now to take your time when completing the Verdict Form. Let me ask you to look at it now, and I will walk through it briefly with you. As you can see, the form consists of a series of questions. Each

question calls on you either to check "yes" or "no" or to write in a monetary amount.  Answer each question as it appears and only those questions.  As you review the form, you will see that there are instructions in ***bold-faced italicized type***.  Please read these instructions and follow them carefully.  Depending on your answer to a particular question, it may not be necessary to answer a later question.  Finally, be consistent in your responses.

You must complete, and return the Verdict Form in court, when you have reached a unanimous agreement as to your verdict. You will have the original Verdict Form in the deliberation room, and I will ask the Courtroom Deputy to collect the copies at this time.  You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the Verdict Form.  If the foreperson makes any error in completing the Verdict Form, please do not strike out the error and add a correct response.  Instead, please request a new Verdict Form, so that the Verdict Form that is submitted is error-free.  Then inform the court marshal or clerk that you have reached your verdict.  The Verdict Form must be used only in connection with the charge I have just given to you.  The terms used in the Verdict Form are discussed in my instructions, and these instructions must govern your deliberations.

## F.    FINAL INSTRUCTIONS

Shortly after you go into the jury room, the Courtroom Deputy will bring you the exhibits in this case.  Do not begin your deliberations until she has brought you the exhibits.  Do not even elect a foreperson until she has brought you the exhibits, as it is very important that your deliberations remain entirely private and without interruption.

In the jury room, you will have exhibits with you but you will not have a transcript of the testimony.  If you need to have testimony read back to you, we will do so.  However, please understand that it is difficult and time-consuming to locate and read back testimony.  If you nevertheless require a read-back, please be as specific as possible about the portions of the testimony you want to hear.

Your requests for a read-back of testimony and, in fact, any communication with the Court must be made to me in writing, signed by your foreperson, and given to the marshal or clerk.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must caution you that in your communications with the Court you should never reveal your numerical division at any time.  If you are divided, do not report how the vote stands, and if you have reached your verdict, do not report what it is until you are asked in open court.

A note about timing.  We ordinarily end our trial day at 4:00 p.m.  But that is not a constraint on your deliberations, and you should certainly not rush to meet any deadline.  You may choose, if you find it necessary, to deliberate past 4:00 p.m.  You may also choose to break at 4:00 p.m. and resume deliberations tomorrow.  It is your decision.  Whatever you decide, we will be here.

It is proper to add a final caution.  Nothing that I have said in these instructions – and nothing that I have said or done during the trial – has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

Members of the jury, that concludes my instructions to you.  Thank you for your patience and attention.

*    *    *    *    *    *

-33-

Members of the jury, you may now retire.  The marshal will escort you to the jury room where you will begin your deliberations.