**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOE BALTAS,<br> *Plaintiff*, | : | CIVIL NO. 3:19-CV-1820 (MPS) |
| | : | |
| v. | : | |
| | : | |
| ERFE, *et al.*,<br> *Defendants*. | : | MAY 27, 2026 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

The plaintiff in this matter continues to demonstrate that he is willing to flaunt the orders of this Court.  Faced with numerous warnings of dismissal for his well-documented misconduct, the plaintiff demonstrated that he was willing to intimidate each of the defendants in this matter during the recent jury trial.

Contrary to plaintiff's arguments in his opposition to the motion for sanctions, this was not a "ham handed and juvenile prank". Instead, as evidenced by the transcript of Mr. Baltas' intercepted phone conversation – a phone call Mr. Baltas initiated with an individual who Baltas admitted on the stand in the trial was a long-time gang member associated with his father – the founder of the Diabolos; Mr. Baltas directs the individual to come to the trial, not for support, but to "wear your club shirts…then fucking grill the defendants, grill the assholes, give them shitty looks.  It's the Commissioner and the Deputy Commissioner, it's the top brass….Yeah, scum bags." Then as directed, the individuals arrived in Court on May 14, 2026, and sat directly behind the defendants. There is frankly nothing humorous about a party directing others to attend a trial for the very purpose of intimidating the defendants during the proceedings.  Mr. Baltas was warned about the consequences of such misconduct but blatantly ignored those

warnings. Incredibly, after the motion for sanctions was filed, on Monday May 18, 2026, the same individual again returned to Court wearing gang identifiers before being instructed by Baltas' counsel to remove his gang shirt.

Mr. Baltas' misconduct had its desired effect. Following Baltas' actions, each of the defendants was forced to take steps to increase security for themselves and to advise their families of the issue for their protection – particularly in the present security climate nationwide. One of the defendants mentioned an incident in past years in which the Commissioner of Corrections in Colorado was murdered at his front door by a gang member. Respectfully, no individual appearing in a proceeding should be subject to such obvious efforts to intimidate. In addition, the defendants were required to take personal steps to ensure their safety not only at home but also coming to and from the courthouse with enhanced security. While these individuals admittedly work(ed) in a dangerous environment, three of the defendants have retired after years of service and it respectfully should not be acceptable that a cost of appearance in Court is that they and their families must endure such intimidation.

It is well-within the Court's discretion to issue the sanctions against the plaintiff that he was forewarned would occur. Such sanctions, in fact, are necessary not just to potentially curb the plaintiff's future willful abuse and misuse of the legal process, but to also deter other similarly situated litigants from engaging in such behavior.

Respectfully submitted,
DEFENDANTS
Semple, et al.

WILLIAM TONG
ATTORNEY GENERAL

By: /s/Steven M. Barry #ct07825
 Assistant Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Tel. (860) 808-5450
Fax (860) 808-5591
E-mail: steven.barry@ct.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of the foregoing was also sent to:

*/s/ Steven M. Barry*
Steven M. Barry
Assistant Attorney General

3